SUSAN B. SOWLES' TRUSTEE *v.* WM. BUCK ET AL.

*Foreclosure of joint mortgage.　Parties.*

Buck executed a joint mortgage to Rugg and Bellows to secure notes payable to them jointly, or bearer. Subsequently Rugg and Bellows divided the notes, each taking one-half. Still later Rugg surrendered his notes to Buck and took a quit-claim deed of one undivided one-half interest in the mortgaged premises. *Held*, that Rugg was not a party to a petition to foreclose the Bellows notes.

Petition to foreclose a mortgage, in which William Buck, B. F. Rugg, and C. W. Witters were originally made defendants. The petition was entered at the April Term, 1889, taken as confessed as against Buck and Witters, and continued as to Rugg. At the September Term, 1889, it was further heard upon petition, answer of Rugg, and testimony filed, and thereupon, Tyler, Chancellor, dismissed the bill as to Rugg. The oratrix appeals. The question raised appears from the opinion.

*E. A. Sowles,* for the oratrix.

The misjoinder of Rugg as a party defendant not having been taken advantage of by demurrer, is waived. *Wing* v. *Cooper,* 37 Vt. 169.

Rugg was a proper party. In a foreclosure by one of two joint mortgagees the other must be made a party. 2 Jones Mort., ss. 1378, 1435, 1394, 1369 and note 2; *Hancock* v. *Hancock,* 22 N. Y. 568; *Carpenter* v. *O'Dougherty,* 58 N. Y. 681; *Hopkins* v. *Ward,* 12 B. Mon. 185.

The action of Rugg in accepting the quit-claim deed leaves the entire premises charged with the notes held by the oratrix. It is as if Rugg had received the money for his notes. 1 Jones Mort., s. 706; *Mark* v. *Sewell,* 120 Mass. 174; *Torrey* v. *Cook,* 116 Mass. 163; *Bradley* v. *Fuller et al.,* 23 Pick. 1; *Adams* v. *Company,* 7 Cush. 391-9; *Dexter* v. *Harris,* 3 Mason, 531.

*Farrington & Post,* for defendant Rugg.

After the division of the notes, each party owned in severalty the portion which he held, and was entitled to the benefit of the security *pro tanto;* that is, each was entitled to an undivided one-half interest in the land. This was what Rugg acquired by taking the quit-claim deed, that being tantamount to a foreclosure of his notes. Having acquired that he has no interest in this suit and is not a proper party. 1 Jones Mort., ss. 704, 705; 3 Wait Act. & Def. 201; *Wilder* v. *Davenport,* 58 Vt. 642; *Hooper* v. *Wilson,* 12 Vt. 695; *Wright* v. *Parker and Sherman,* 2 Aik. 212; *Carpenter* v. *Gleason,* 58 Vt. 244.

The opinion of the court was delivered by

ROYCE, Ch. J. On the 24th of April, 1876, the defendant Buck executed a mortgage deed of a tract of land in Fairfax to the defendant Rugg and Hiram Bellows, since deceased, to secure the payment of twenty-one notes executed by said Buck and made payable to said Rugg and Bellows or bearer. After the death of said Bellows, his executor and Rugg divided said notes, Rugg taking one-half and the executor the other half. The notes retained by the executor of Bellows were transferred to the petitioner, Susan B. Sowles, and are held by the petitioner, Margaret B., as the trustee of the said Susan. The notes were not paid as they became due, and Rugg on the 13th of February, 1888, took a quit-claim deed of an equal undivided half of the land described in said mortgage from Buck and gave up to Buck the notes received by him upon the division made between him and the executor of Hiram Bellows. This petition was brought to foreclose the mortgage for the benefit of, and to compel the payment of the notes transferred to, Susan B. Sowles. The petitioner requested Rugg to become a party petitioner, and upon his refusal he was made a defendant, and by his answer he claimed that he was improperly made a defendant and prayed to be dismissed. The petition was entered in court and was taken as confessed as to Buck and Witters (Witters was an attaching creditor and had no other interest) and was dismissed as to Rugg as not a proper party defendant, and from that order this appeal was taken.

Sowles' Trustee *v.* Buck et al.

By the decree against Buck the petitioner gets her equity of redemption in an equal undivided half of the land described in the mortgage, and by the deed from Buck, Rugg has acquired his equity of redemption in the other half. That was just what in equity each was entitled to. The ownership of the notes carried with it the right to the security given for their payment, and the notes having been divided equally, each owner was entitled to one-half of the security.

But the petitioner now claims that she has a lien upon the whole of the land mortgaged as a security for the notes held by her, and that a decree be entered against Rugg compelling him to pay them or be foreclosed. Rugg having surrendered the notes held by him to Buck and received his deed in payment therefor has no other or further interest in the mortgaged premises beyond what he acquired by said deed. He has no right of redemption in the remaining part of the land covered by the mortgage, and was not a proper party defendant.

*The decree of the Court of Chancery is affirmed and cause remanded.*